

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 22, 1998

Mr. Willard L. Jackson, Jr.
Chair, Board of Regents
Texas Southern University
3100 Cleburne Avenue
Houston, Texas 77004

Opinion No. DM-497

Re: Validity of rider to appropriations act requiring certain state agencies to expend appropriated funds for training provided by the Texas Commission on Human Rights (RQ-1029)

Dear Mr. Jackson:

You ask whether a state agency or institution of higher education with three or more complaints of employment discrimination in a year must allow the Texas Commission on Human Rights ("TCHR" or "commission") to conduct a seminar for its employees at the agency's or institution's expense. You state that Texas Southern University ("TSU") has previously had the Equal Employment Opportunity Commission conduct such seminars for it. We understand that TSU wishes to provide such training for its employees, but it believes that it may choose the provider.

The TCHR states that this training is required by a rider[1] to the 1997 General Appropriations Act. The rider, found at article IX, section 120.5 of the General Appropriations Act, provides as follows:

> All state agencies, including public institutions of higher education, that have three or more complaints of employment discrimination, other than complaints determined to be without merit, during each year of the biennium shall expend funds appropriated by this Act to receive Comprehensive Equal Employment Opportunity training to be provided by the Texas Commission on Human Rights or other entities or persons approved by the Commission for supervisory and managerial personnel. The Commission shall train supervisory and managerial personnel who are respondents named in the complaints against such agencies. Each agency shall pay for all training costs or reimburse the Commission for its costs associated with this training through interagency contracts. The cost of training provided by the

---

[1]The term "rider" is used to describe a provision of text included in a general appropriations act. Letter Opinion No. 96-079 (1996) (and authorities cited).

Commission shall be determined and approved by the Commission and the General Services Commission.[2]

TSU questions whether it must comply with the above rider, thereby raising an issue of the rider's validity. A rider must comply with article III, section 35(a) of the Texas Constitution, which provides in part: "No bill (*except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated*) shall contain more than one subject." (Emphasis added.)

In Letter Opinion No. 96-079,[3] we discussed the effect of this constitutional provision:

Section 35 of article III limits appropriations bills to a single subject, the appropriation of funds from the State Treasury.[4] The exception italicized above permits a general appropriations act to include multiple "items of appropriation," each one setting aside or dedicating a sum of money for a stated purpose.[5] Because general appropriations acts are limited to the single subject of appropriating funds, a general law may not be enacted, amended, or repealed in such acts.[6] A rider to the general appropriations act may not impose affirmative requirements on state officers or entities.[7] However, a rider that is merely declarative of existing law is not invalid.[8]

A general appropriations bill may constitutionally include language that qualifies or directs the use of funds appropriated by the bill or that is merely incidental to an appropriation. Such provisions, or "riders," may do no more

---

[2]Act of May 29, 1997, 75th Leg., R.S., ch. 1452, art. IX § 120.5, 1997 Tex. Gen. Laws 5535, 6414.

[3]Letter Opinion No. 96-079 (1996) at 1-2 (footnotes renumbered).

[4]*Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 600 (Tex. 1975); *Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946); *Linden v. Finley*, 49 S.W. 578 (Tex. 1899); Attorney General Opinions H-321 (1974) at 2; V-1254 (1951) at 7.

[5]*Jessen*, 531 S.W.2d at 599; *see generally* Tex. Const. art. IV, § 14 (if bill contains several items of appropriation, governor may veto one or more of such items and approve rest of bill).

[6]*Moore*, 192 S.W.2d at 561-62; *Linden*, 49 S.W. at 579; Attorney General Opinion V-1254 (1951) at 7; *see also* Attorney General Opinions DM-93 (1992), DM-81 (1992), JM-1151 (1990).

[7]*See Coates v. Windham*, 613 S.W.2d 572, 575-76 (Tex. Civ. App.--Austin 1981, no writ); Attorney General Opinions DM-81 (1992), MW-51 (1979) at 4.

[8]Attorney General Opinion JM-343 (1985) at 3 (*modified in part by* Attorney General Opinion DM-81 (1992) at 2).

than "detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated."[9]

The rider facially restricts the use of appropriated funds by directing an expenditure of appropriated funds for a specific purpose, but it does more than that. It imposes on state agencies and institutions of higher education affirmative requirements that are not authorized by general law, and, in our opinion, the rider is invalid for that reason. We find no statute requiring agencies and institutions of higher education with three complaints of employment discrimination in one year to receive comprehensive equal employment opportunity training from TCHR or another agency approved by TCHR. The commission cites subsections 21.003(a)(5), 21.003(a)(8), and 21.003(a)(9) of the Labor Code,[10] but we have determined from our examination of these provisions that the rider does more than merely restate these subsections and instead attempts to amend them by imposing on state agencies and institutions affirmative duties not required by section 21.003.

Chapter 21 of the Labor Code[11] prohibits employment discrimination, providing "for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments."[12] Section 21.003 of the Labor Code sets out the following general powers and duties of the commission:

> (a) The commission may:
>
> . . . .
>
> (2) receive, investigate, seek to conciliate, and pass on complaints alleging violations of this chapter;
>
> (3) file civil actions to effectuate the purposes of this chapter;
>
> (4) request and, if necessary, compel by subpoena;
>
> (A) the attendance of necessary witnesses for examination under oath; and

---

[9]Attorney General Opinion V-1254 (1951) at 17 (summary).

[10]Letter from William M. Hale, Exec. Dir., Tex. Comm'n on Human Rights, to Susan Williams, Office of Texas Attorney General (Mar. 10, 1998) (in file on RQ-1029).

[11]The Texas Human Rights Commission is established by chapter 461 of the Government Code, but its duties and authority with respect to preventing employment discrimination are found in chapter 21 of the Labor Code.

[12]Labor Code § 21.001.

    (B)  the production, for inspection and copying, of records, documents, and other evidence relevant to the investigation of alleged violations of this chapter;

    (5) furnish technical assistance requested by a person subject to this chapter to further compliance with this chapter or with a rule or order issued under this chapter;

    . . . .

    (8) provide educational and outreach activities to individuals who have historically been victims of employment discrimination; and

    (9) require state agencies and public institutions of higher education to develop and implement personnel policies that comply with this chapter . . . .

None of these provisions require any state agency or institution of higher education to take seminars from TCHR or an entity approved by TCHR or to pay the cost of such seminars, nor do they authorize TCHR to impose such requirements on anyone.

  Subsection 21.003(a)(4) provides that TCHR may "request and, if necessary, compel by subpoena" the attendance of witnesses and the production of evidence. In this subsection, the legislature has made it clear that the commission may compel compliance and has given it the necessary power to do so. In contrast, subsection 21.003(a)(5), which authorizes the commission to "furnish technical assistance *requested* by a person subject to this chapter," allows the commission to provide assistance in response to a request, not to require attendance at its seminars. Labor Code § 21.003(a)(5) (emphasis added). Other statutes requiring state agencies to provide technical assistance to third parties show that the agency is responsible only for making information available to parties that seek it out. Section 531.013(a) of the Government Code requires health and human services agencies to "coordinate and enhance their existing Internet sites to provide technical assistance for human services providers." The technical assistance consists of information on various subjects useful to human service providers, such as case management and contract management. Section 419.904 of the Government Code states that the Texas Commission on Fire Protection "may on request provide technical assistance to rural fire prevention districts, including advice on the efficient and effective provision of fire protection within a district."

  Subsection 21.003(a)(8) of the Labor Code authorizes the commission to "provide educational and outreach activities to individuals who have historically been victims of employment discrimination," but this language does not authorize it to require any state agency or institution of higher education to receive education or outreach activities. Finally, subsection 21.003(a)(9) authorizes the commission to "require state agencies and public institutions of higher education to develop and implement personnel policies that comply with this chapter." This subsection does

allow the commission to impose a duty on a state agency or public institution of higher education, but the duty is to develop and implement personnel policies that comply with chapter 21 of the Labor Code, not a duty to attend and pay for a seminar given by the commission. An agency or institution of higher education may wish to gather information in connection with developing and implementing its personnel policies, but it is not required to receive information from a particular source. It may choose to request the commission to "furnish technical assistance" to it pursuant to subsection 21.003(a)(5), Labor Code, or it may gather information from other sources.

The commission's 1987 self-evaluation to the Texas Sunset Advisory Commission describes the technical assistance and training services given by the commission in a way that is consistent with our reading of its statutory authority. It states as follows:

> The primary focus of the Commission's technical assistance and training services is to enhance compliance by employers with laws prohibiting employment discrimination. These services are provided in a number of different ways.

> Individual employer representatives or their attorneys regularly contact the Commission by telephone, correspondence or in person to secure technical information about a wide range of issues related to equal employment opportunity laws. . . .

> The Commission conducts annual conferences on equal employment law for employers and union representatives or their attorneys. These conferences are designed to inform attendees about the most current developments in equal employment opportunity law, as well as basic technical information on compliance.

> The Commission also conducts comprehensive eight hour training seminars for supervisory and managerial personnel. These seminars provide basic technical information that enhances a supervisor's or manager's knowledge of and compliance with laws prohibiting employment discrimination.[13]

Nothing is said here about mandatory seminars for supervisory and managerial personnel named as respondents in complaints against state agencies and institutions of higher education.

We conclude that the rider to the current appropriations act found at article IX, section 120.5, attempts to amend general law in violation of article III, section 35 of the Texas Constitution and is therefore invalid. Accordingly, Texas Southern University need not comply with its terms in

---

[13]TEX. COMM'N ON HUMAN RIGHTS, SELF-EVALUATION TO THE TEX. SUNSET ADVISORY COMM'N 5 (1987).

choosing an outside agency to provide training sessions and equal employment opportunity seminars for its employees.

## S U M M A R Y

The rider to the 1997 appropriations act found at article IX, section 120.5, attempts to amend general law in violation of article III, section 35 of the Texas Constitution and is therefore invalid. Texas Southern University need not comply with its terms in choosing an outside agency to provide training sessions and equal employment opportunity seminars for its employees.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General